UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FUNDATION GROUP LLC,

               Plaintiff,

-against-

UNITED SECURED CAPITAL LLC and
GABRIEL MANN,

               Defendants.

Case No.: 17–cv–6167

**VERIFIED COMPLAINT**

Jury Trial Demanded

Plaintiff, FUNDATION GROUP LLC ("Fundation"), by and through its attorneys, for its Verified Complaint against Defendants, UNITED SECURED CAPITAL LLC ("United") and GABRIEL MANN ("Mann") (collectively, Defendants), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, trademark dilution, and declaratory relief arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

2. This action arises from Defendants' false and deceptive marketing of loan products and lending services under Fundation's trade name and word mark – Fundation® (the "Fundation Word Mark") – which has caused, and will continue to cause, consumer confusion and is likely to dilute Fundation's mark.

3. Fundation and Defendants are direct competitors, but Defendants are not competing fairly. Defendants are contacting Foundation's clients and falsely claiming to be affiliated with Foundation. Defendants are also making false and disparaging statements about how Fundation operates its business.

4. This unlawful conduct is intended to confuse Fundation's existing clients (and, in fact, has caused confusion among its clients) and cause them to terminate their relationships with Fundation and do business with United.

5. If not stopped, Defendants' intentional and willful conduct will irreparably damage Fundation's reputation and goodwill among its clients and potential clients.

6. Moreover, if not stopped, Defendants' intentional and willful conduct presents a serious threat to the safety to members of the public who are being tricked by Defendants into providing their sensitive personal and financial data (*e.g.*, social security numbers and bank records) to Defendants, putting these consumers at a substantial risk of identity theft.

7. In this action, Fundation seeks a temporary restraining order, preliminary and permanent injunctive relief, an accounting of Defendants' profits, recovery of its costs and attorneys' fees, and other relief authorized by the Lanham Act.

## THE PARTIES

8. Fundation is a Delaware limited liability company with its principal place of business in Reston, Virginia. Fundation also maintains an office in New York City located at 9 East 37th Street, 2nd Floor, New York, New York 10016.

9. Fundation has been registered with the Secretary of State for the State of New York, and licensed to do business in the state of New York, as Fundation Group LLC since February 3, 2014.

10. Fundation is engaged in the business of providing lending services and lending working capital and growth capital to small businesses.

11. United is a New York limited liability company with its principal place of business at 307 Kings Highway, Brooklyn, New York 11223. Its offices are located above the Italia Pizza Restaurant.

12. United has been licensed to do business in the state of New York, as United Secured Capital LLC, since May 19, 2017.

13. United is purportedly engaged in the business of making cash advances to small businesses.

14. Upon information and belief, Gabriel Mann is an adult individual residing in the State of New York and is a principal and member of United.

## JURISDICTION AND VENUE

15. This action is brought pursuant to 15 U.S.C. §§ 1114 and 1125.

16. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338.

17. This Court has personal jurisdiction over the Defendants in that the Defendants have substantial contacts with, and may be found within, this District.

18. This Court's exercise of personal jurisdiction over the Defendants comports with the United States Constitution.

19. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants reside in the District and a substantial part of the events giving rise to Fundation's claims occurred in the District.

## FACTS COMMON TO ALL CLAIMS

**Fundation's Business and Trademarks**

20.     Fundation has been conducting business as a lender of capital to small businesses across the United States, including in the state of New York, under the Fundation Word Mark since September 2012.

21.     Since September 2012, Fundation has exclusively and continuously used the Fundation Word Mark in interstate commerce to market its loan products to small businesses. The Fundation Word Mark is applied to materials advertising and promoting the loan products, including internet advertising.

22.     The Fundation Work Mark has become a means of identifying Fundation as the source of its loan products and lending services and distinguishing its loan products and lending services from those of other lenders.

23.     Fundation has expended, and continues to expend, significant resources promoting and advertising the Fundation brand and the loan products and lending services provided thereunder.

24.     The Fundation Word Mark has become associated with Fundation's award-winning customer service, featuring a revolutionary online application, customer-friendly loan products, and dedicated customer relationship management.

25.     The Fundation Word Mark has acquired exceedingly valuable goodwill in the markets in which Fundation operates and has become distinctive and famous for Fundation's loan products and lending services.

26. In addition to Fundation's extensive common law rights in the Fundation Word Mark, Fundation is also the owner of uncontestable federal registrations for this mark and two other stylized marks, as shown below:

| Mark | Reg. No. | Reg. Date | First Use | Services |
| --- | --- | --- | --- | --- |
| FUNDATION | 4,433,654 | 11/12/13 | 9/11/12 | Lending services; on-line commercial lending services; financial services, namely, money lending; lending consulting services; loan origination and management services, credit analytics and loan underwriting |
| FUNDATION (& design) | 4,437,415 | 11/19/13 | 9/11/12 | Lending services; on-line commercial lending services; financial services, namely, money lending; lending consulting services; loan origination and management services, credit analytics and loan underwriting |
| FUNDATION (& design) | 4,711,410 | 3/31/15 | 7/02/14 | Money lending services; on-line commercial lending services; financial services, namely, money lending; lending consulting services; electronic loan origination services |

True and correct copies of the Certificates of Registration for Trademark Registrations Nos. 4,433,654; 4,437,415; and 4,711,410 may be found at Exhibits 1, 2, and 3, respectively.

27. Because of its name recognition, reputation, and success, Fundation has provided working capital and growth capital to over 3,000 small business clients across the country, including clients in the New York Metropolitan area.

28. In connection with its lending, Fundation routinely files UCC registrations that identify Fundation, its collateral, and the identity of its clients.

29. Upon information and belief, United has used this information from these UCC filings to engage in the false advertising and other unlawful conduct that is the subject of this Verified Complaint.

**United's Business**

30. Upon information and belief, United is in the business of making direct loans to small businesses and, as such, is in direct competition with Fundation.

31. United has been in business for only a few months, since its formation in or around May 2017.

32. Upon information and belief, Mann founded, owns, and operates United, and has personal knowledge of, and directed, the wrongful conduct of United that is the subject of this Verified Complaint.

33. Upon information and belief, United has employees and commissioned sales representatives who are directed to make telephone calls to prospective customers to solicit them to purchase loan products from United and to terminate their relationship with Fundation.

**Defendants' Wrongful Conduct**

34. Fundation has recently learned that, in violation of Fundation's rights in the Fundation Word Mark, United has started a campaign to market its loan products and lending services to Fundation's current clients in violation of Fundation's rights in the Fundation Word Mark.

35. On around October 9, 2017, an unidentified United employee or representative telephoned a Fundation client located in Marianna, Florida (Client No. 1). The United employee stated that he was employed by Fundation's direct lender and Client No. 1's loan with Foundation had not been processed correctly. These statements were false.

36. The United employee told Client No. 1 that Foundation's lender was dissatisfied with how Fundation ran its business and that Fundation was in jeopardy of losing its funding. These statements were false.

37. Having made these false statements, the United employee solicited Client No. 1 to purchase a loan product from United.

38. On or around October 11, 2017, an agent or employee of United, who identified himself as "Albert," telephoned a Fundation client located in Andalusia, Alabama ("Client No. 2"). The United employee told Client No. 2 that he was employed by Fundation. This statement was false.

39. "Albert" then sent Client No. 2 a loan application and instructed her to complete it and provide certain supporting documentation, including three months of bank statements, her driver's license, and her social security number.

40. Client No. 2 was misled and confused by "Albert's" false statement that he was affiliated with Fundation, and provided him bank statements and protected personal information.

41. Upon information and belief, United's employees acted with the knowledge, direction, and consent of Mann.

42. Upon information and belief, Mann designed United's scheme to unfairly compete with Fundation and infringe the Fundation Word Mark, directed United's employees to engage in this unlawful conduct, personally participated in United's unfair competition and infringement, and personally benefitted and profited from United's wrongful conduct.

**Irreparable Effects of Defendants' Wrongful Conduct**

43. Defendants know of the valuable reputation and goodwill of the Fundation Word Mark and specifically targeted Fundation's clients.

44. However, United's products and services are not Fundation's products and services—Fundation has no business relationship, or any affiliation, with United.

45. Defendants do not have the sponsorship, consent, or approval of Fundation to use the Fundation Word Mark.

46. Defendants' use of the Fundation Word Mark in connection with the advertising, marketing, and promotion of United loan products and lending services falsely created the impression that United products and services are sponsored by or affiliated with Fundation, constituting trademark infringement and unfair competition.

47. Defendants' infringement of the Fundation Word Mark and unfair competition are intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Fundation's clients, potential Fundation clients, and the public; to trade on Fundation's goodwill; to palm United's loan products and lending services as those of Fundation's; and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between United and Fundation.

48. Defendants' acts complained of herein have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Fundation.

49. Fundation has no adequate remedy at law for such injury.

**Fundation's Attempt To Stop Defendants**

50. After Fundation learned that United was using the Fundation Word Mark, but before the filing of this Verified Complaint, a representative of Fundation called United and spoke to a person who identified himself as "Jack Kassan."

51. Fundation notified United that it was violating Fundation's rights and demanded that United stop its unlawful conduct.

52. Notwithstanding this notice and demand, United has continued to infringe Fundation's mark and engage in unfair competition in violation of the Lanham Act.

## COUNT I

### Federal Trademark Infringement – Lanham Act, 15 U.S.C. § 1114

53. Fundation repeats and realleges the allegations of paragraphs 1 through 52 above, as though fully set forth herein.

54. Defendants' promotion, advertising, provision, sale, and offering for sale of United loan products and lending services under the Fundation Word Mark is likely to confuse, mislead, or deceive consumers and the public as to the origin, source, sponsorship, or affiliation of said products and services and/or is intended and is likely to cause consumers and the public to believe in error that United's loan products and lending services have been authorized, sponsored, approved, endorsed, or licensed by Fundation, or that United is in some way affiliated with Fundation.

55. Defendants' conduct, as described herein, constitutes infringement of Fundation's Fundation Word Mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

56. Defendants' use of the Fundation Word Mark in connection with United's loan products and lending services has been, and continues to be, willful, deliberate, unfair, false, deceptive, and intended to trade upon the goodwill and reputation appurtenant to the Fundation Word Mark.

57. Defendants' acts have damaged, and will continue to damage, Fundation, and Fundation has no adequate remedy at law.

58. Fundation is entitled to injunctive relief prohibiting Defendants from using the Fundation Word Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action, including its attorney's fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

**False Designation of Origin and Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a)**

59. Fundation repeats and realleges the allegations of paragraphs 1 through 58 above, as though fully set forth herein.

60. Defendants' conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

61. Defendants' intentional, unlawful, and unauthorized use in commerce of the Fundation Word Mark, and Defendants' false advertising in commerce as described herein, is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendants' services and, therefore, constitutes false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a).

62. Defendants' acts have damaged, and will continue to damage, Fundation and Fundation has no adequate remedy at law.

63. Fundation is entitled to injunctive relief prohibiting Defendants from using the Fundation Word Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all gains, profits, and advantages obtained by Defendants as a result of the infringing acts alleged above in an amount not yet known, as well as the costs of this action, including its attorney's fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT III

### Federal Trademark Dilution – Lanham Act, 15 U.S.C. § 1125(c)

64. Fundation repeats and realleges the allegations of paragraphs 1 through 63 above, as though fully set forth herein.

65. By virtue of longstanding use, voluminous loan transactions, extensive advertising, and strong consumer recognition, the Fundation Word Mark has become distinctive and famous.

66. Defendants' knowing and deliberate activities complained of herein constitute a commercial use of the famous Fundation Word Mark that dilutes the distinctive quality of that Mark and was done with willful intent or otherwise in order to trade on Fundation's reputation and/or cause the dilution of the Fundation Word Mark in violation of 15 U.S.C. § 1125(c).

67. Defendants' acts have damaged, and will continue to damage, Fundation and Fundation has no adequate remedy at law.

68. Fundation is entitled to injunctive relief prohibiting Defendants from using the Fundation Word Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all gains, profits, and advantages obtained by Defendants as a result of the infringing acts alleged above, in an amount not yet known, as well as the costs of this action, including its attorney's fees, pursuant to 15 U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Fundation Group LLC, respectfully requests that the Court enter judgment against Defendants, United Secured Capital LLC and Gabriel Mann, that provides as follows:

1. an order preliminarily and permanently restraining and enjoining Defendants and their members, officers, agents, servants, employees, successors, and representatives, and any persons in active concert or participation with them, from:

    a. using the Fundation Word Mark, or any other mark, logo, name, or designation, that gives rise to a likelihood of confusion, mistake, or deception with respect to the Fundation Word Mark or in any way dilutes Fundation's famous Fundation Word Mark;

    b. doing any other act likely to induce the mistaken belief that United, its loan products, or its lending services is in any way affiliated, connected, or associated with Fundation;

    c. representing by words or conduct that United or it loan products and lending services are authorized, sponsored, endorsed, or otherwise connected with Fundation; and

    d. unfairly competing with Fundation in any manner whatsoever.

2. an accounting all of Defendants' profits, gains, and advantages derived from its infringement of Fundation's intellectual property rights, and that such sums be trebled;

3. for pre-judgment and post-judgment interest, exemplary and/or punitive damages, attorneys' fees, and costs; and

4. for any such further relief that this Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff, Fundation Group LLC, demands a trial by jury on all matters so triable.

**Dated:** October 23, 2017      **COLE SCHOTZ P.C.**
*Attorneys for Plaintiff, Fundation Group LLC*

By: */s/ Jason R. Melzer*
Jason R. Melzer
JMelzer@coleschotz.com
1325 Avenue of the Americas
19th Floor
New York, NY 10019
(212) 752-8000

**VERIFICATION**

I, Barry Feierstein, state under penalty of perjury that I am the Chief Operating Officer of Fundation Group, LLC and that the allegations made in this Verified Complaint are true to the best of my knowledge, information, and belief.

October 23, 2017
New York, New York

_____